1  DAVID D. LAWRENCE, State Bar No. 123039
   DENNIS M. GONZALES, State Bar No. 59414
2  DANIEL LEE, State Bar No. 236811
   E-mail: dlawrence@lbaclaw.com; dgonzales@lbaclaw.com;
3  dlee@lbaclaw.com
   LAWRENCE BEACH ALLEN & CHOI, PC
4  100 West Broadway, Suite 1200
   Glendale, California  91210-1219
5  Telephone No. (818) 545-1925
   Facsimile No. (818) 545-1937
6
   Attorneys for Defendants
7  County of Los Angeles,, Jeffrey Koch,
   Edwin Alvarez, Peter Hish, Gordon Baker,
8  Ernest Ferreras, Gerard Velona, and Michael Downing

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12 MARIA SANDOVAL, personally and     )  Case No. CV 09-3428 PSG (SSx)
   on behalf of THE ESTATE OF VICTOR )
   SANDOVAL,                          )  Magistrate Judge Suzanne H. Segal
13                                     )
             Plaintiff,                )
14                                     )  [PROPOSED] PROTECTIVE
        v.                             )  ORDER RE: CONFIDENTIAL
15                                     )  DOCUMENTS AND MATERIALS
   LOS ANGELES COUNTY LOS             )  RE: HOMICIDE
16 ANGELES COUNTY SHERIFF'S           )  INVESTIGATION RE: VICTOR
   DEPARTMENT, JOE PURCELL IN         )  SANDOVAL TO BE PRODUCED
17 BOTH PERSONAL AND OFFICIAL         )  IN RESPONSE TO PLAINTIFF'S
   CAPACITIES, TADASHI HIRAOKE        )  REQUESTS FOR PRODUCTION
18 IN BOTH PERSONAL AND OFFICIAL      )  OF DOCUMENTS (SET ONE)
   CAPACITIES, JEFFREY KOCH IN        )  AND RE: MEDICAL RECORDS
19 BOTH PERSONAL AND OFFICIAL         )  OF VICTOR SANDOVAL
   CAPACITIES, EDWIN ALVAREZ IN       )
20 BOTH PERSONAL AND OFFICIAL         )
   CAPACITIES, PETER HISH IN BOTH     )
21 PERSONAL AND OFFICIAL              )
   CAPACITIES, GORDON BAKER IN        )
22 BOTH PERSONAL AND OFFICIAL         )
   CAPACITIES, ERNEST FERREAS IN      )
23 BOTH PERSONAL AND OFFICIAL         )
   CAPACITIES, GERARD VELONA IN       )
24 BOTH PERSONAL AND OFFICIAL         )
   CAPACITIES, MICHAEL DOWNING        )
25 IN BOTH PERSONAL AND OFFICIAL      )
   CAPACITIES, ROBERT KENNY IN        )
26 BOTH PERSONAL AND OFFICIAL         )
   CAPACITIES, COUNTY OF LOS          )
27 ANGELES, AND DOES 1-30,            )
                                       )
28           Defendants.               )
   _____)

1

Sandoval, Maria\Protective Order

## I.   Introduction And Statement Of Good Cause.

1.   The Plaintiffs in this action are the Estate of Victor Sandoval (by and through his administratrix Maria Sandoval) and Maria Sandoval (collectively, "Plaintiffs").

2.   The Defendants in this action are the County of Los Angeles, Jeffrey Koch, Edwin Alvarez, Peter Hish, Gordon Baker, Ernest Ferreras, Gerard Velona, and Michael Downing (collectively,"Defendants").

3.   This case arises from the death of Victor Sandoval ("Decedent"), which occurred at 238 North 1st Street, La Puente, California in the County of Los Angeles.  As a result of the death of Decedent, the Los Angeles County Sheriff's Department ("LASD") conducted a homicide investigation, the results of which were referred to the Los Angeles County District Attorney's Office for possible criminal prosecution.  During the course of the homicide investigation, numerous witnesses and/or suspects were interviewed for their statements regarding the events leading to the death of Decedent and information was gathered relating to witnesses, the incident, and the crime scene.

4.   Defendants are very concerned that dissemination of documents, information and materials related to the subject homicide investigation materials would violate the privacy rights of third-party witnesses, who have a reasonable expectation of their privacy when cooperating with law enforcement investigations.

5.   Defendants are also very concerned that dissemination of information, documents, and materials related to a homicide investigation conducted by the LASD could compromise the integrity of that investigation and future investigations.

///

///

2

Sandoval, Maria\Protective Order

6.      Similarly, Plaintiffs seek to protect their privacy interests in the medical records pertaining to Victor Sandoval and Maria Sandoval.

7.      In light of the aforementioned facts, and given the strong public policies in favor of protecting the safety and security of the custody environment as well as its inmates and staff as well as the strong public policies in favor of encouraging witnesses to cooperate in law enforcement investigations and protecting those who assist in such investigations, the Court finds that it is necessary and proper to enter an order carefully limiting the use and dissemination of the information, documents, and materials that are the subject of this Order.

## II.      The Confidential Materials.

8.      This Protective Order shall protect from unauthorized disclosure the documents, reports, photographs, audiotapes, interview statements, video footage, information and materials disclosed by the Disclosing Parties in this action, that constitute the subject homicide investigation files and related materials thereto (collectively, "Confidential Material"). The protections conferred by this Order cover not only the documents and materials covered by this Order but also any information copied or abstracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversation, or presentations by parties or counsel to or in court or in other settings that might reveal information protected by this Order.

9.      Due to the sensitive nature of health care information and in furtherance of the privacy protections afforded by the Health Insurance Portability and Accountability Act ("HIPAA"), this Protective Order shall also govern the production, disclosure (to parties and non-parties) and use during discovery and trial of any and all medical records pertaining to Victor Sandoval and Maria Sandoval as well as any information contained therein.

3

Sandoval, Maria\Protective Order

10.    Confidential Material shall be classified as confidential by marking copies of them with "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER". Marking "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" on the CD-ROM shall classify all video material within as confidential, unless otherwise indicated by the Disclosing Parties. Other unambiguous written notice that material is being classified as confidential shall also be sufficient.

## III.    Use And Dissemination Of The Confidential Materials.

11.    Immediately upon production of the Confidential Materials, counsel shall personally secure and maintain said materials in their possession. Counsel shall not cause or knowingly permit disclosure to any person or entity of the contents of the Confidential Materials in any manner, including orally, any statement or information, or portions thereof, beyond the disclosure permitted under the terms and conditions of this Order.

12.    The Confidential Materials shall be used solely in connection with this case, not for any other purpose, and shall not be disclosed to anyone except as provided herein. No person to whom Confidential Materials is disclosed shall cause or permit it to be used for any other purpose.

13.    Production of Confidential Materials shall be made solely to  counsel in the instant action, who  may not disseminate that information to any person or entity, including Plaintiffs and Defendants, for any purpose, absent a prior court order, except that Confidential Materials may be provided to an investigator or an expert actively assisting counsel in the prosecution and defense of this action and that Confidential Materials may be provided to the County of Los Angeles, including, but not limited to, its employees and representatives, for purposes of reporting to and/or obtaining approval of settlement in this matter by the the Los Angeles County Board of Supervisors or any other department or division authorized by the County of Los Angeles.

4

Sandoval, Maria\Protective Order

1    14.    In the event counsel find it necessary to employ an investigator

2  and/or expert, prior to the disclosure of any Confidential Materials, counsel shall

3  first cause the substance of this Order to be communicated to any such person and

4  provide him or her with a copy of this Order, and shall cause him or her to

5  execute, on a second copy, the following acknowledgment:

6        "I, _____, do solemnly swear that I am

7        fully familiar with the terms of the Protective Order entered in this

8        action (USDC Case No. CV 09-3428 PSG (SSx)) and hereby agree

9        to comply with and be bound by the terms and conditions of the

10       said Order with respect to the handling, use, and disclosure of the

11       confidential materials and the information contained therein.  I

12       agree to only use the confidential materials and the information

13       contained therein only in preparation for this case (USDC Case

14       No. CV 09-3428 PSG (SSx)) and will not disseminate the

15       confidential material and the information contained therein to the

16       public or to any other person before, during, or after the conclusion

17       of this litigation.  I hereby consent to the jurisdiction of said Court

18       for purposes of enforcing this nondisclosure Order.

19       Dated: _____ /s/_____ "

20  Counsel shall retain custody of this acknowledgement.

21  ///

22  ///

23  ///

24  ///

25  ///

26

27

28

5

Sandoval, Maria\Protective Order

15.     If Confidential Materials are used, directly or indirectly, in any depositions taken in this matter, the original transcript of the deposition, and all copies thereof shall be stamped "CONFIDENTIAL".  A copy of this Order shall be attached as an exhibit to said deposition transcript and the court reporter shall be subject to said Order and precluded from providing the original or copies of the deposition transcript or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant action.  Furthermore, any audiotape and/or videotape of said deposition shall be subject to this Order.  A copy of this Order shall be attached as an exhibit to said audiotape and/or videotape and the court videographer shall be subject to this Order and precluded from providing the original deposition videotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record.  Any audiotape shall similarly be subject to this Order and all persons shall be precluded from providing the original deposition audiotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant litigation.

16.     Additionally, anyone other than the following persons shall be precluded from attending any deposition whereat any Confidential Materials are used: counsel in the instant action , the court reporter, the court videographer, if any, and any of the named parties in this action.  Those attending any depositions using Confidential Materials shall not disclose to any person or entity not otherwise entitled to the confidential information, in any manner, including orally, any statements made by the deponents during the course of said depositions and any such disclosure shall be construed as a violation of this Order.

17.     If counsel are served with a subpoena or other request seeking Confidential Material and/or the confidential information therein, counsel shall

Sandoval, Maria\Protective Order

immediately give written notice to Disclosing Parties' counsel, identifying the Confidential Materials and/or confidential information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this Order so as to afford the Disclosing Parties an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of confidential documents.  In no event should production or disclosure be made without written approval by the Disclosing Parties' counsel unless required by Court order.

18.    Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions (collectively "papers") filed with the Court, which contain, reflect, incorporate or refer to Confidential Materials, shall be accompanied by an application to file the papers under seal pursuant to Local Rule 79.5, absent further order of this Court.  Pending a ruling on the application, the papers that are the subject of the application shall be lodged under seal.

19.    The documents subject to this Order must be stored and maintained by counsel at a location and in a secure manner that insures that access is limited to the persons authorized under this Order.

20.    The parties acknowledge that use of the aforementioned materials may be necessary if this matter proceeds to trial.  The parties agree to meet and

///

///

///

///

///

7

Sandoval, Maria\Protective Order

1  confer prior thereto about the fairest and most efficient means of utilizing the
2  Confidential Materials at trial.

3      21.   Nothing herein shall prejudice Disclosing Parties' rights to object to
4  the introduction of any Confidential Materials into evidence on any grounds
5  including, but not limited to, relevance and privilege.

6      22.   Nothing in this Protective Order shall prohibit or prevent any
7  employee or representative of the County of Los Angeles from using the
8  Confidential Materials in the normal course of their job duties and to share the
9  documents with other authorized personnel.

10     23.   No more than thirty (30) calendar days after the judgment in this
11 matter becomes final, counsel and every other person and/or entity who received
12 originals or copies of the Confidential Materials shall return all originals and
13 copies of the Confidential Materials to counsel for the Disclosing Party:
14 Defendant County of Los Angeles, care of: Dennis Gonzales, Lawrence Beach
15 Allen & Choi, PC ("LBAC"), 100 West Broadway, Suite 1200, Glendale,
16 California, 91210-1219; Plaintiffs Estate of Victor Sandoval and Maria Sandoval,
17 care of: Melanie Partow, The Law Offices of Dale K. Galipo, 21800 Burbank
18 Blvd., Suite 310, Woodland Hills, California, 91367.  In the event any
19 counsel/person/entity does not return any Confidential Materials within thirty (30)
20 days following termination of the instant action (CV 09-3428 PSG (SSx)), such
21 counsel/person/entity shall within the same time period provide defense counsel
22 with a signed declaration, based upon personal knowledge, verifying under
23 penalty of perjury under the laws of the State of California, that all such originals
24 and copies were destroyed.
25 ///
26 ///
27 ///
28

8

24.    This Order shall survive the termination of the instant action (CV 09-3428 PSG (SSx)), and the Court retains jurisdiction to resolve any dispute concerning the disclosure or use of the Confidential Material disclosed pursuant to this Order.

Dated:  January 26, 2010          LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/_____
         Dennis Gonzales
         Daniel Lee
Attorneys for Defendants
County of Los Angeles,
Jeffrey Koch, Edwin Alvarez, Peter
Hish, Gordon Baker, Ernest Ferreras,
Gerard Velona, and Michael Downing


Dated:  January 26, 2010          LAW OFFICE OF DALE GALIPO


By _____/s/_____
         Dale Galipo
         Melanie Partow
Attorneys for Plaintiffs
Maria Sandoval and the Estate of
Victor Sandoval


IT IS SO ORDERED.

Dated:  1/27/10

HONORABLE SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

Sandoval, Maria\Protective Order